

CONFIDENTIAL OUTSIDE COUNSEL ONLY

Kyle D. Chen
T: +1 650 843 5019
kyle.chen@cooley.com

December 16, 2014

The Honorable Ronald L. Ellis, Southern District of New York

RE:   **Advanced Video Technologies LLC v. HTC Corporation and HTC America, Inc.,**
       **Case No. 1 :11-cv-6604-CM-RLE**

Dear Judge Ellis:

Pursuant to Your Honor's individual practices and Local Rule 37.2, HTC Corp. and HTC America, Inc. (collectively "HTC") respectfully request a pre-motion conference for a motion to compel Advanced Video Technologies LLC ("AVT") to produce two documents that AVT improperly clawed back almost six months after their production.

AVT sued HTC for alleged infringement of U.S. Patent No. 5,781,788 ("'788 Patent") in the above-referenced litigation. In April 2014, AVT produced two documents (labeled AVT0024690 and AVT0034121) that were copies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮  AVT's clawback was just days before ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮, and only two weeks before the close of fact discovery on October 31, 2014.

Under these circumstances, and as an initial matter, AVT has waived its belated claim to attorney-client privilege and work product protection. Under the test set forth in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y.1985), ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, it would be unfair to allow AVT's last-minute clawback to stand as HTC had been prejudiced by detrimentally relying on the ▮▮▮▮▮▮ during the vast majority of the discovery period. *See LaSalle Bank Nat'l Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, 2007 Lexis U.S. Dist. LEXIS 59301, at *12-13, 17 (S.D.N.Y. Aug 13, 2007).

But even if there is no finding of waiver, AVT cannot meet its burden of proving the existence of an attorney-client privilege and/or work product immunity. *United States v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989); *United States v. Construction Prods. Research*, 73 F.3d 464, 473-74 (2d Cir. 1996). As explained below ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**(1)** ▮▮▮▮▮▮▮▮▮ **is not a privileged communication.**

   **(a)** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

AVT does not appear to dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,
AVT alleges that an attorney-client relationship existed because, at the time the ▮▮▮▮



CONFIDENTIAL OUTSIDE COUNSEL ONLY

Magistrate Judge Ronald L. Ellis
December 16, 2014
Page Two

was sent in ███████ █████████████████ But this tenuous chain of relationships fails to invoke the attorney-client privilege. As explained in detail below, the law is clear that, just like shareholders of a corporation, █████████████████████ ███████ are merely individuals with ownership interest, and are not clients of the company's attorney.

When applying the attorney-client privilege, courts treat limited liability companies as they would corporations. *Carpenters Pension Trust v. Lindquist Family LLC*, 2014 U.S. Dist. LEXIS 54335 at *10 (N.D. Cal. Apr. 18, 2014) (applying corporate law to determine whether disclosure of a privileged communication to members of an LLC defeats privilege); *Montgomery v. Etreppid Techs., LLC*, 548 F. Supp. 2d 1175, 1183 (D. Nev. 2008) (finding that "[f]ederal and state courts have consistently applied the law of corporations to LLCs"). Importantly, the shareholders of a corporation are distinguishable from its agents and employees, and do not have attorney-client privilege with respect to the corporation's attorney. See *In re O.P.M. Leasing Servs., Inc.*, 13 B.R. 64, 68 (S.D.N.Y. 1981), *aff'd*, 670 F.2d 383 (2d Cir. 1982) ("[I]t matters not whether the corporation, which is entitled to the attorney-client privilege, is closely held, has a small number of shareholders, or has its shares widely distributed – it is the corporation and not any individual who is entitled to the attorney-client privilege with power to waive or assert it."); *Cohen v. Acorn Int'l.*, 921 F. Supp. 1062, 1064 (S.D.N.Y. 1995) (a firm "does not represent the shareholder of a corporation, even a close corporation, simply by virtue of its representation of the corporation itself.").

Accordingly, only *managers* of a limited liability company, and not its shareholders or members, may assert or waive the attorney-client privilege. See *Montgomery*, 548 F. Supp. 2d at 1186-87. █████████████████████████████. See *Operating Agreement of Advanced Video Technologies LLC*, Section VII, Schedule A; *see also NY CLS LLC* §§ 401-420. ███████████ ████████████████████████████████████████████████████ █████████████ with such minimal contribution does not have a "significant role in the management" to justify assertion of attorney-client privilege. See *Carpenters Pension*, 2014 U.S. Dist. LEXIS 54335 at *10. Thus, AVT cannot meet its burden to assert attorney-client privilege.

(b) **The attorney-client privilege does not protect mere facts.**

████████████████████████████████████████████████ mere facts contained in the email are still not protected because the privilege applies to only legal advice. See *ECDC Envtl., L.C. v. N.Y. Marine & Gen. Ins. Co.*, 1998 U.S. Dist. LEXIS 8808, at *25-28 (S.D.N.Y. June 5, 1998); *see also Carte Blanche PTE., Ltd. v. Diners Club Int'l, Inc.*, 130 F.R.D. 28, 33 (S.D.N.Y. 1990). Thus, regardless of AVT's improper assertion of attorney-client privilege, any factual statements ███ ████████████████████████████.

(2) ███████████████████████

████████████████████████████████████

Work product protection is limited to documents "prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3). The Second Circuit has held that only documents "prepared or



CONFIDENTIAL OUTSIDE COUNSEL ONLY

Magistrate Judge Ronald L. Ellis
December 16, 2014
Page Three

obtained <u>because of</u> the prospect of litigation" may be protected as work product.  *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).  A "professed concern" that litigation could arise is not sufficient.  *Redvanly v. Nynex Corp.*, 152 F.R.D. 460, 467 (S.D.N.Y. 1993).  For example, in *Redvanly*, the court found that notes taken at a meeting six (6) months before litigation were not in anticipation of litigation because there was no "articulable claim, *likely* to lead to litigation" or threat of litigation that was "imminent" and "substantial." *Id.*  Moreover, the Second Circuit rule "withholds protection from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Adlman*, 134 F.3d at 1202.

AVT has put forth no evidence that, ███████████████████████████, there was any "articulable claim, *likely* to lead to litigation" against an accused infringer of the '788 Patent.  *Construction Prods. Research*, 73 F.3d at 473-74 (holding that failure to provide sufficient evidence to support a work product claim results in rejection of that claim).  AVT did not even bring litigation under the patent-in-suit until March 30, 2004 – ████████████████████ ███████████████   There is no indication ████████   *See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, 2002 U.S. Dist. LEXIS 11949, at *15-16 (S.D.N.Y. July 3, 2002) (holding that there is no work product protection where only one hypothetical litigation concern was mentioned); *Fustok v. Conticommodity Servs., Inc.*, 106 F.R.D. 590, 592 (S.D.N.Y. 1985) (holding no work product protection when "specific claims [had not] already arisen" and there was no "identifiable" claim). ██████████████████████████

     **(b)**██████████████████████████████████████████████ it still should be produced under Federal Rule of Civil Procedure 26(b)(3) because HTC needs the document to show that AVT lacks certain critical documentation necessary to establish its legal title to the patent-in-suit, ████████████████████████  *See Adlman*, 134 F.3d at 1197 (documents prepared in anticipation of litigation are discoverable "upon a showing of substantial need … and inability, without undue hardship, to obtain their substantial equivalent elsewhere") (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). ████████████████████ ████████████████████ that directly addresses both of these issues and, as such, ████████████

AVT's surprise clawback of the ████████ on October 17, 2014 almost six (6) months after its production and at the eleventh hour of the discovery period, prevented HTC from ████ ████████████ about the ████ who was prepared and defended by AVT's counsel at his deposition, also ████ ████████ under direction of AVT's counsel, hindering discovery of information relating to the '788 Patent. ████████████████████████ ██████████████████████      Thus, ████ ), it still should be produced because ████████████ ████████████████████      Fed. R. Civ. P. 26(b)(3); *Adlman*, 134 F.3d at 1197.



CONFIDENTIAL OUTSIDE COUNSEL ONLY

Magistrate Judge Ronald L. Ellis
December 16, 2014
Page Four

Respectfully submitted,

Kyle D. Chen

cc (by email):
    Stephen F. Roth
    Orville R. Cockings
    Aaron S. Eckenthal

112414573