UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
ADVANCED VIDEO TECHNOLOGIES LLC, :

       Plaintiff, : Lead Case No. 1:11-cv-06604 (CM) (RLE)

  vs. : (Consolidated with Case Nos. 1:11-cv-08908-CM and 1:12-cv-00918-CM)

HTC CORPORATION and HTC AMERICA, INC., :

       Defendants. : District Judge Colleen McMahon
Magistrate Judge Ronald L. Ellis
:
---------------------------------------- X

### HTC CORPORATION'S AND HTC AMERICA, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR COURT'S REVIEW OF TAXATION OF COSTS

**I.    HTC Is Entitled To Recover Expert Expenses Under Rule 26(b)(4)(E).**

AVT does not dispute that HTC is entitled to recovery of expert expenses under Rule 26(b)(4)(E). Instead, AVT claims that because the parties did not seek reimbursements from each other for these expenses before, there was "a mutual waiver" of the respective parties' rights under the federal rule. AVT cites no authority to support this argument and is mistaken. *See, e.g.*, *Chambers v. Ingram*, 858 F.2d 351, 360-61 (7th Cir. 1988) (litigant's post-judgment request for costs under Rule 26(b)(4)(C) was timely even though he never requested such costs at the time of the deposition). HTC's claim for costs under Rule 26(b)(4)(E) as part of its bill of costs was timely and was entirely proper. (*See id.*; *see also* Local Civil Rule 54.1(a) ("Within thirty (30) days after the entry of final judgment, … *any party* seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing ….") (emphasis added).) AVT forsook its own rights by not claiming the expert expenses by the deadline set forth in Local Civil Rule 54.1(a), which provides that "[*a*]*ny party* failing to file a notice of taxation of

costs within the applicable thirty (30) day period will be deemed to have waived costs." (Emphasis added.)  Further, as ruled by this Court, when the expert depositions were taking place during February and March this year, AVT did *not* own any interest in the patent *at all*.  (Order Dismissing Case (Dkt. No. 165) at 13 ("AVT Has Failed to Show, or Even Raise A Genuine Issue of Material Fact, that it Has Any Interest at All in the '788 Patent.") (boldface removed).) Thus, allowing AVT to recover expert expenses from HTC will result in "manifest injustice" under Rule 26(b)(4)(E), not to mention that AVT has been "deemed to have waived costs" under Local Civil Rule 54.1(a).

AVT's reliance on *Crawford Fitting Co. v. J.T. Gibbons, Inc.* is misplaced.  482 U.S. 437 (1987).  That case did not reach the issue of expert expenses under Rule 26(b)(4)(E).  *See generally Crawford Fitting*, 482 U.S. 437.  Courts in the Second Circuit continued to award costs under Rule 26(b)(4)(E) after *Crawford Fitting*.  *See*, *e.g.*, *Bender v. Lowe*, No. 08 Cv. 0334 (BSJ), 2011 U.S. Dist. LEXIS 99053, at *15-19 (S.D.N.Y. Aug. 30, 2011) (*aff'd by Bender v. Lowe*, 2013 U.S. App. LEXIS 18218 (2d Cir. Sept. 3, 2013) (awarding expert expenses under Rule 26(b)(4)(E)); *see also Penberg v. HealthBridge Mgmt.*, No. 08 CV 1534 (CLP), 2011 U.S. Dist. LEXIS 31022, at *49-53 (E.D.N.Y. Mar. 22, 2011) (awarding expert expenses); *see also Broushet v. Target Corp.*, 274 F.R.D. 432, 432-433 (E.D.N.Y. 2011) (same).

AVT's reliance on 28 U.S.C. §§ 1821 and 1920 is similarly misguided because these code provisions do not apply to or otherwise limit recovery of expert expenses under Rule 26(b)(4)(E).  Following "the weight of authority," this District "permits recovery of fees for an expert's travel time and preparation time in connection with a deposition, along with the expert's out-of-pocket expenses."  *Bonner v. Am. Airlines, Inc.*, Nos. 96 Civ 4762 (KMW)(HBP), etc., 1997 U.S. Dist. LEXIS 20836, at *3-4 (S.D.N.Y. Dec. 30, 1997) (citations omitted); *see also*

*Turning Point Found. v. Destefano*, No. 3:05-CV-895 (AHN), 2007 U.S. Dist. LEXIS 90084, at *4 (D. Conn. Dec. 6, 2007) (citing *New York v. Solvent Chem. Co., Inc.*, 210 F.R.D. 462, 471 (W.D.N.Y. 2002)) ("'[D]istrict courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C).'").  Thus, HTC's claims of its expert expenses including their time spent in preparation for and attendance at the deposition should be allowed.

Although the necessary receipts and invoices, as well as their summaries, were submitted with HTC's Bill of Costs, AVT complained that it could not figure out the expenses claimed under Rule 26. (Opposition (Dkt. No. 200) at 3.)  HTC thus provides the more detailed explanation for the total amount of expert expenses sought under Rule 26(b)(4)(E):  $13,088.37 + $21,801.43 + $15,879.29 = **$50,769.09**.[1]  That amount includes the following items:

(1) The deposition related expenses for HTC's damages expert, Mr. Christopher Bokhart, have a total of $13,063.75 + $24.62 = **$13,088.37**. (*See* Dkt. No. 181-2 at p. 10 of 11 (showing the total of $13,088.37 in Table I's row for "Christopher Bokhart: expert fees related to his deposition on 3/18/2015").)

- The $13,063.75 amount is for Mr. Bokhart's and his associates' time spent on the preparation for and attendance at Mr. Bokhart's deposition. (*See* Dkt. No. 181-14 at p. 6 of 19 (showing the deposition related fees of $13,063.75 for time spent by Mr. Bokhart and his associates); *see also id.* at p. 4 of 19 (showing the rates for Mr. Bokhart and his associates).)

- The $24.62 amount is for the expense incurred by one of Dr. Bokhart's

---

[1] This amount is less than the previous amount of $51,247.21 in footnote 3 of HTC's opening brief for the motion (Dkt. No. 195 at 4) because a correction to the calculation has been made. (*See infra* n.2.)

associates in connection with his deposition. (*See id.* at p. 6 of 19 (showing the deposition related expense of $24.62).)

(2) The deposition related expenses for HTC's non-infringement expert, Dr. Alan Bovik, have a total of $3,000.00 + $16,801.43 + $2,000.00 = **$21,801.43**. (*See* Dkt. No. 181-2 at p. 10 of 11 (showing the three amounts: $3,000.00, $16,801.43, and $2,000.00 in Table I's three rows for "Alan Bovik: expert fees related to his deposition on 3/6/2015").)

- The $3,000.00 amount is for Dr. Bovik's time spent in February 2015. (*See* Dkt. No. 181-14 at p. 7 of 19 (showing the entries for 2/26/15 (3.5 hours) and 2/27/2015 (2.5 hours) for Dr. Bovik's preparation for his deposition in his 3/1/2015 invoice: a total of (3.5 + 2.5) hours × $500/hour = 6 hours × $500/hour = $3,000.00).)

- The $16,801.43 amount is for Dr. Bovik's deposition related expense of $51.43 (*see* Dkt. No. 181-12 at pp. 88-89 of 138 (showing Dr. Bovik's lunch expenses for 3/5/2015 ($33.00) during deposition preparation and 3/6/2015 ($18.43) during the deposition for a total of $51.43)) and his fees of $16,750 for his time spent in March 2015 in connection with the deposition. (*See* Dkt. No. 181-14 at p. 8 of 19 (showing the entries for 3/1/15 (2.5 hours), 3/2/15 (3.0 hours ("Breakdown/chart Bovik Report" means Dr. Bovik's review of his own expert report served on 1/30/15 for deposition preparation)), 3/4/15 (2.5 hours, 3.0 hours, 1.5 hours), 3/5/15 (9.0 hours, 2.0 hours), and 3/6/15 (1.5 hours) for deposition preparation, and the entry for the deposition on 3/6/15 (8.5 hours) in the 4/1/2015

invoice: a total of (2.5 + 3.0 + 2.5 + 3.0 + 1.5 + 9.0 + 2.0 + 1.5 + 8.5) hours × \$500/hour = 33.5 hours × \$500/hour = \$16,750.00) – thus, the sum is \$51.43 + \$16,750 = <u>\$16,801.43</u>).)

- The <u>\$2,000.00</u> amount is for Dr. Bovik's fees for his time spent in April 2015 in connection with the deposition.  (*See* Dkt. No. 181-14 at p. 9 of 19 (showing the entries for 4/1/15 (2.5 hours) and 4/3/15 (1.5 hours) for Dr. Bovik's review of his deposition transcript in his 5/1/2015 invoice:  a total of (2.5 + 1.5) hours × \$500/hour = 4 hours × \$500/hour = <u>\$2,000.00</u>).)

(3) The deposition related expenses for HTC's invalidity expert, Dr. Nikil Jayant, have a total of (\$20,756.25 + \$25,447.23 + (\$2,868.75 ÷ 2)) ÷ 3 = **\$15,879.29**, which is one-third of the total expenses for Dr. Jayant because he was shared by the three defendants in the related cases.  (*See* Dkt. No. 181-2 at p. 10 of 11 (showing the three amounts:  <u>\$20,756.25</u>, <u>\$25,447.23</u>, and <u>\$2,868.75</u> in Table I's three rows for "Nikil Jayant:  expert fees related to his deposition on 3/4/2015").)

- The <u>\$20,756.25</u> amount is for Dr. Jayant's time spent in February 2015 in connection with the deposition.  (*See* Dkt. No. 181-14 at p. 10 of 19 (showing Dr. Jayant's February 2015 entries for deposition preparation:  a total of (1.25 + 1.0 + 1.5 + 3.0 + 1.0 + 1.0 + 4.5 + 1.0 + 3.0 + 2.0 + 1.25 + 3.0 + 3.25 + 4.0) hours × \$675/hour = 30.75 hours × \$675/hour = <u>\$20,756.25</u>).)

- The <u>\$25,447.23</u> amount is the sum of:
    o Dr. Jayant's travel expense of \$2,159.73 (*see* Dkt. No. 181-14 at pp. 11-12 of 19 (showing 50% of the travel expenses \$4,319.45

- - o Dr. Jayant's fees of $23,287.50 for his time spent in March 2015 in connection with the deposition (*see* Dkt. No. 181-14 at p. 11 of 19 (showing the entries for March 1 (1.0 hours), March 2 (8.5 hours), and March 3 (14.5 hours) for deposition preparation, and the entry for the deposition on March 4 (10.5 hours): a total of (1.0 + 8.5 + 14.5 + 10.5) hours × $675/hour = 34.5 hours × $675/hour = $23,287.50).).

  - The ($2,868.75 ÷ 2) amount is for Dr. Jayant's time spent in April 2015 in connection with the deposition. (*See* Dkt. No. 181-14 at p. 19 of 19 (showing Dr. Jayant's April 10 entry of 4.25 hours for proofing his two deposition transcripts – half of the amount of $2,868.75 is attributed to his invalidity transcript: $2,868.75[2] ÷ 2 = $1,434.38).)

was for invalidity: $4,319.45 ÷ 2 = $2,159.73));

**II.    HTC Is Entitled To Recover Costs to the Full Extent of 28 U.S.C. § 1920.**

As discussed in HTC's opening brief, Local Civil Rule 54.1 recognizes that costs authorized by 28 U.S.C. § 1920 are broader than what the Clerk of the Court can tax and thus expressly provides that the Court has the power to order additional costs. *See*, *e.g.*, L. Civ. R. 54.1, Committee Note ("Local Civil Rule 54.1 serves a very useful purpose by outlining what costs are and are not taxable *unless otherwise ordered by the Court*.") (emphasis added); *see also* L. Civ. R. 54.1(c)(1) & (2) (other transcript and deposition costs may be taxable as "ordered by

---

[2] In HTC's previous calculation (*see supra* n.1), the full amount of $2,868.75 was erroneously applied towards Dr. Jayant's review of his invalidity transcript. The amount applied should have been one half of $2,868.75 since only one of the two transcripts he reviewed was for invalidity.

the Court"). Given that "AVT Has Failed to Show, or Even Raise A Genuine Issue of Material Fact, that it Has Any Interest at All in the '788 Patent[,]" HTC respectfully submits that the award of costs to the full extent allowable under § 1920 is justified.[3] (Order Dismissing Case (Dkt. No. 165) at 13 (bold face removed).) HTC thus requests that the Court overrule AVT's objections based on the strict confines of the itemization under Local Civil Rule 54.1 that the Clerk had to follow, and order additional costs as requested by HTC as expressly authorized by Local Civil Rule 54.1 and 28 U.S.C. § 1920.

### III. Conclusion

For the foregoing reasons and for the reasons provided in its opening brief, HTC respectfully requests the Court review the Clerk of the Court's taxation of costs and modify the Clerk of the Court's taxation of costs as requested by HTC.

Dated:  July 30, 2015                                    Respectfully submitted,

                                                         COOLEY LLP

                                                         By:  _____/s/ Kyle Chen_____

                                                         Heidi Keefe (admitted *pro hac vice*)
                                                         Mark Weinstein (admitted *pro hac vice*)
                                                         Kyle Chen (admitted *pro hac vice*)
                                                         Lam Nguyen (admitted *pro hac vice*)
                                                         3175 Hanover Street
                                                         Palo Alto, CA  94304
                                                         (650) 843-5000

---

[3] HTC also clarifies its footnote 2 in the opening brief for the motion (Dkt. No. 195 at 2) as follows:  To the extent the "just costs" under 28 U.S.C. § 1919 may cover costs beyond those allowable under 28 U.S.C. § 1920 due to extraordinary circumstances, HTC reserves the right to seek the Court's further review of the taxation of costs pending disposition of HTC's fees and costs motions.  (Dkt. Nos. 167 and 169.)

Jonathan Bach (JPB-9710)
Stephen A. Wider (SAW-1442)
1114 Avenue of the Americas
New York, NY  10036
(212) 479-6000

Attorneys for Defendants HTC CORPORATION
and HTC AMERICA, INC.

119658897