UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ADVANCED VIDEO TECHNOLOGIES,

    Plaintiff,

  -against-

HTC CORP. et al.,

    Defendants.

-----------------------------------------------------------x

11 Civ. 6604 (CM)(RLE)
11 Civ. 8908 (CM)
12 Civ. 0918 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/16

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND ADOPTING RECOMMENDATIONS REGARDING TAXATION OF COSTS

McMahon, J.:

    I have before me the Report and Recommendation of the Hon. Ronald L. Ellis, U.S.M.J., granting in part and denying in part the Defendants' application for an additional award of costs. The defendants have not objected to the Report, although many of their requests were disallowed. However, the plaintiff objects to so much of the Report as awarded Defendants expert witness fees relating to discovery, albeit in amounts reduced from the "ask." By not objecting to any other specific ruling by Judge Ellis, Plaintiff has waived its opportunity to do so.

    The Magistrate Judge, in a thoughtful opinion, has considered the Defendants' various requests, discussed the law and offered cogent reasons for either accepting or rejecting Defendants' requests that certain amounts be taxed as costs. Plaintiff in essence argues that Judge Ellis erred by awarding (1) to the Defendants in the amount of $12, 435.33 each for time spent responding to expert discovery requests by Dr. Jayval, the invalidity; (2) to HTC for expert witness fees in the amount of $9,362.50 for time spent responding to discovery requests by the damages expert, Dr. Bohkart; (3) to HTC, $24,012.50 for time spent responding to discovery requests by the non-infringement expert, Dr. Bovik; (4) to Blackberry, $8,258,60 for time spent responding to discovery requests by damages expert John Jarosz; and (5) to Blackberry, $16,141.35 for time spend responding to discovery requests by technical expert Professor John Villasenor. The gravamen of AVT's argument is that it would be manifestly unjust for it to have to pay the entirety of its own expert costs as well as defendants' expert costs, and also that defendants failed to bring up the matter of reimbursement for expert costs until after the litigation, not while expert discovery was taking place. AVT insists that if it is to bear the cost of

Defendants' experts, then the Defendants should bear the cost of *its* experts – either through an award in its favor, or an offset against any award in Defendants' favor.

I am advised by the Defendants that the AVT failed to raise any "manifest injustice" argument before the Magistrate Judge. That alone give me reason to disregard it. *Rickett v. Orsino,* 2013 U.S. Dist. LEXIS 39663, at *12. However, no manifest injustice will result if Judge Ellis' recommendation is accepted. The learned magistrate judge did not err in concluding that the parties' admitted failure to discuss the reimbursement of costs pursuant to Rule 26(b)(4)(E) while the lawsuit was pending did not constitute a waiver of the right to seek such costs,. Furthermore, Defendants timely applied for reimbursement of those costs by submitting a bill of costs to the Clerk containing this request within thirty days after the entry of final judgment, as required by Local Rule 54.1. By contrast, as Defendants pointed out in their briefing to Judge Ellis, Plaintiff did not timely file a bill of costs with the Clerk – and did not explain why its compliance with the Local rule should be excused –and so is not entitled to any reimbursement. Marschiotto v. City of New York, 2009 U.S. Dist. LEXIS 64662, at *7. To the extent that Plaintiff's failure (though not the prevailing party) to submit a timely bill of its own expert costs ends up costing it extra money, that is its own fault.

And then, of course, there is the fact that Defendants incurred the costs of these experts in connection with a lawsuit that AVT, which did not own the patent-in-suit, had absolutely no right to bring. AVT has now endeavored to acquire good title and has reinstituted suit, but all that means is that the Defendants will incur yet more expert costs in connection with the new lawsuits. I see nothing unjust in requiring AVT to pay costs that were timely claimed, especially under the circumstances.

The Report is accepted and adopted as the opinion of the court. The Defendants should individually submit forms of judgment for entry by the Clerk of the Court.

These cases should be closed immediately.

Dated: March 30, 2016

_____
U.S.D.J.

BY ECF TO ALL COUNSEL