UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------  X
ADVANCED VIDEO TECHNOLOGIES LLC,       :
                Plaintiff,             :
                                          Case No. 1:11-cv-06604 (CM) (RLE)
        vs.                            :
HTC CORPORATION AND HTC AMERICA,       :
INC.,
                Defendants.            :
-------------------------------------------------------  X
```

# DECLARATION OF KYLE D. CHEN IN SUPPORT OF DEFENDANTS HTC CORP.'S AND HTC AMERICA, INC.'S ("HTC") MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A TURNOVER ORDER AGAINST GENERAL PATENT CORP., IP HOLDINGS LLC, ALEXANDER POLTORAK, AND J. NICOLAS GROSS UNDER C.P.L.R. 5225(b) AND COURT'S INHERENT POWER

I, Kyle D. Chen, declare that I am an attorney with the law firm of Cooley LLP, counsel for Defendants HTC Corp. and HTC America, Inc. (collectively "HTC") in this action. I make this declaration in support of HTC's Motion for a Turnover Order Against General Patent Corporation, IP Holdings LLC, Alexander Poltorak, and J. Nicolas Gross Under C.P.L.R. 5225(b) and Court's Inherent Power. I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein.

1. Attached hereto as **Exhibit 1** is a true and correct copy of the Operating Agreement of Advanced Video Technologies, LLC ("AVT").

2. Attached hereto as **Exhibit 2** is a true and correct copy of annotated excerpts from the deposition transcript of Alexander Poltorak taken on October 23, 2014.

3. Attached hereto as **Exhibit 3** is a true and correct copy of an email dated January 11, 2016 from AVT's counsel, Mr. Robert W. Morris, who stated: "AVT will not be making payment to HTC unless the appeal is denied."

4. Attached hereto as **Exhibit 4** is a true and correct copy of an email dated September 11, 2017 from AVT's counsel, Mr. Robert W. Morris, who stated: "I did not indicate when AVT would make any payment, only that AVT would not make payment at that time."

5. Attached hereto as **Exhibit 5** is a true and correct copy of email exchanges dated between January 2016 and October 2017, in which AVT's counsel, Mr. Robert W. Morris, provided various reasons why AVT had no update on the payment of the sanctions judgment: "I'm out of the office right now - meeting with doctor about surgery" (September 19, 2017), "I have not heard from the client who is currently unavailable due to the various Jewish holidays (he is ultraorthodox and is off the web) …, and I don't expect to hear back from him until the holidays are over" (October 3, 2017), and "My client contact is down in East Texas for a trial-trial [*sic*] conference this week and is unavailable" (October 18, 2017).

6. Attached hereto as **Exhibit 6** is a true and correct copy of an email dated October 23, 2017 from AVT's counsel, Mr. Robert W. Morris, who stated: "AVT is waiting for a decision on the Federal Circuit prudential standing appeal before it decides how to address the judgment on the sanctions issue."

7. Attached hereto as **Exhibit 7** is a true and correct copy of an email dated July 2, 2018 from AVT's counsel, Mr. Robert W. Morris, who stated: "I have no update to provide to you.  Nothing has changed for AVT with regard to finances since our last meet and confer."

8. Attached hereto as **Exhibit 8** are true and correct copies of the Federal Circuit's panel decision dated January 11, 2018 denying AVT's appeal of this Court's second dismissal,

*per curiam* decision dated April 13, 2018 denying AVT's petition for panel rehearing and rehearing *en banc*, and mandate dated April 20, 2018 affirming this Court's dismissal, as well as an excerpt of the Supreme Court's docket showing denial of AVT's petition for *certiorari* on October 29, 2018.

9. Attached hereto as **Exhibit 9** is a true and correct copy of an annotated excerpt of an email dated November 9, 2018 from AVT's counsel, Mr. Robert W. Morris, who stated: "AVT does not have the funds to pay the judgment. I believe that the deposition of AVT showed a current bank account balance on the order of $20."

10. Attached hereto as **Exhibit 10** is a true and correct copy of Exhibit 6 to AVT's damages expert report by Wayne A. Hoeberlein, showing a summary of AVT's licenses.

11. Attached hereto as **Exhibit 11** is a true and correct copy of AVT's 2011 tax return.

12. Attached hereto as **Exhibit 12** are true and correct copies of the annotated bank statements of AVT from September 2011 (the month of this action's filing) to July 2017.

13. Attached hereto as **Exhibit 13** is a true and correct copy of the annotated excerpts from the deposition transcript of AVT's Rule 30(b)(6) witness, Harry Stauber, taken on August 10, 2018.

14. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from AVT's damages expert report by Wayne A. Hoeberlein.

15. Attached hereto as **Exhibit 15** is a true and correct copy of a print-out of the webpages of the law firm of Bronstein, Gewirtz & Grossman, LLC.

16. Attached hereto as **Exhibit 16** is a true and correct copy of a print-out of the webpages of the law firm of Eckert Seamans Cherin & Mellott, LLC.

17. Attached hereto as **Exhibit 17** are true and correct copies of the annotated bank statements of AVT from August 2017 to July 2018.

18. Attached hereto as **Exhibit 18** is a true and correct copy of the annotated excerpts from the deposition transcript of General Patent Corp.'s ("GPC") Rule 30(b)(6) witness, Kathlene P. Ingham, taken on December 12, 2018.

19. Attached hereto as **Exhibit 19** are true and correct copies of print-outs of entity information of AVT, GPC, and IP Holdings LLC from NYS Department of State.

20. Attached hereto as **Exhibit 20** is a true and correct copy of a print-out of certain webpages of GPC.

21. Attached hereto as **Exhibit 21** is a true and correct copy of a print-out of certain webpages of GPC.

22. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from a publication entitled "Attorneys and Agents Registered to Practice Before the U.S. Patent and Trademark Office 1994."

23. Attached hereto as **Exhibit 23** is a true and correct copy of an annotated excerpt of a print-out of Dr. Alexander Poltorak's background report from the website of Whitepages$^{TM}$.

24. Attached hereto as **Exhibit 24** is a true and correct copy of an annotated print-out of certain webpages of GPC.

I declare under penalty of perjury that to the best of my knowledge that the foregoing is true and correct. Executed on April 24, 2019 in Palo Alto, California.

*/s/ Kyle D. Chen*
Kyle D. Chen

202486823