LAW OFFICES OF MICHAEL B. WOLK, P.C.
31 West 34th Street, Suite 7040
New York, New York 10036
Tel:     917-238-0576
Fax:    973-535-1148
Email:  michael.wolk@wolkgroup.com

June 17, 2019

**ECF LETTER-MOTION**

The Honorable Colleen McMahon
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

     Re: Advanced Video Technologies LLC (Plaintiff)
          -against-
     HTC Corporation and HTC America, Inc. (Defendants)
     S.D.N.Y. Case No. 1:11-cv-06604 (CM) (RLE)
     Application for leave to file a short sur-reply brief of 5 pages or less

Your Honor:

I represent non-party Alexander Poltorak in the above-referenced case ("Non-Party").

On May 22, 2019, I filed a memorandum of law for the Non-Party in opposition to Plaintiff's motion seeking to impose personal liability on the Non-Party - - despite the fact that Plaintiff never obtained leave from the Court to amend its complaint to assert a personal liability claim against the Non-Party (the "Non-Party Brief").  Dkt 269.

As set forth in the Non-Party Brief (Dkt 269), the Supreme Court has ruled that, pursuant to due process principles and FRCP 15, a Plaintiff cannot impose personal liability on a Non-Party unless a Plaintiff first obtains leave of Court to amend its pleading to assert a personal liability claim and, in connection therewith, the Non-Party (who becomes a Party solely if leave to amend is granted and an amended complaint is served on the Non-Party) is afforded its due process right to answer (and respond to) the allegations in the amended complaint.  See *Nelson v. Adams USA, Inc.,* 529 U.S. 460 (2000).

Plaintiff's original motion papers did not address this Supreme Court ruling, or the due process principles addressed therein, involving an attempt to impose personal liability on a non-party.

Plaintiff's reply brief (Dkt 271), for the first time, addresses this Supreme Court ruling and asserts that due process principles allow personal liability to be imposed on a non-party - - even in the absence of Court permission to amend the complaint - - and even without affording the non-party a due process opportunity, by answer and/or discovery,

1

to respond to specific allegations by a plaintiff in a pleading (as contrasted with attorney-assertions, typically lacking personal knowledge, in a motion declaration).

Prior to Plaintiff's reply brief (Dkt 271), the Non-Party was unaware of how Plaintiff would address these important due process principles, as applied to this case.

I am a sole practitioner. I was on trial last week during which Plaintiff's reply brief was filed. I have now reviewed Plaintiff's reply brief.

Pursuant to the foregoing, and in order to protect the Non-Party's rights in response to the new assertions in Plaintiff's reply brief, I respectfully request permission from the Court to file a sur-reply brief, not to exceed five (5) pages, by Monday June 24.

                                                        Respectfully submitted,

                                                                      /s/

                                                        Michael B. Wolk

cc: Counsel of record (by efiling)